IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BROWN, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| D. SCOTT DODRILL, et al. | : | NO. 06-3255 |
| | : | |
| Respondents. | : | |

REPORT AND RECOMMENDATION

CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

    Currently pending before the Court is a Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. § 2241, by a prisoner incarcerated at the United States Penitentiary in Beaumont, Texas. For the reasons which follow, the Court recommends that the petition be dismissed without prejudice.

I.  PROCEDURAL HISTORY

    Petitioner was convicted of two counts of armed bank robbery and aiding and abetting, and one count of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting the same. On September 21, 2004, petitioner was sentenced to 60 months for the above offenses.

    On June 21, 2006, while incarcerated in Beaumont, Texas, petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

II.  DISCUSSION

    Under 28 U.S.C. § 2241(a), a district court may only grant the writ if it has jurisdiction over the petitioner's custodian. In <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 124 S. Ct. 2711 (2004), the United States

Supreme Court stated, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."[1] Id. at 443. In addition, the Court noted that, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435. Combining these elements, the Court held that, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Id. at 447.

In light of the above-stated principles, this Court lacks jurisdiction over the instant habeas petition. While petitioner was correct in naming the warden as a respondent, petitioner is incarcerated in the United States Penitentiary in Beaumont, Texas, which falls within the jurisdiction of the United States District Court for the Eastern District of Texas.

In addition, the habeas petition suffers from substantive defects. It appears that petitioner is challenging his current place of custody and requests protective custody status. Petitioner seeks protection from inmates and harassment by staff. This claim does not constitute a "core" habeas petition because petitioner is not challenging the validity or duration of his present physical confinement. Instead, he only contends that the conditions of his confinement violate the constitution. The Supreme Court has held that the proper action for this type of claim is generally to file a civil rights action under 42 U.S.C. § 1983. Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841 (1973).

The Supreme Court held that a petition filed in the wrong district should be dismissed without prejudice to petitioner's right to re-file in the correct court. Padilla, 542 U.S. at 451. In the interests of

---

[1] The Supreme Court explained it was using the word "jurisdiction" as it is "used in the habeas statute ... and not in the sense of subject-matter jurisdiction of the District Court." Padilla, 542 U.S. 434, n. 7.

justice, we now do the same.[2] Having already instituted a § 1983 claim, petitioner is cognizant of the procedures to file in Texas and should have no trouble filing in the correct district after he has amended his petition.

## RECOMMENDATION

AND NOW, this  28th  day of *November*, 2006, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE. The petitioner shall have the right to re-file his petition in the United States District Court for the Eastern District of Texas.

/s/ Charles B. Smith
CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Court believes that transfer of the petition to the Eastern District of Texas may be somewhat more expedient, we question the propriety of doing so. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Courts considering the issue, however, have split as to whether, in the case of a § 2241 petition filed in the wrong district, this statute authorizes transfer to a district outside of the state wherein the petition was originally filed. Compare Lee v. Wetzel, 244 F.3d 370 (5th Cir. 2001) ("had Congress intended for district court to have the discretion to transfer a habeas corpus petition brought under § 2241 to the sentencing district, it could have provided for such discretion as if did for states that hold more than one judicial district."); White v. Grace, Civ. A. No. 05-0164, 2005 WL 1309044, *4, n. 4 (M.D. Pa. June 1, 2005) (noting the absence of jurisdiction to transfer case to correct district court) Zurawsky v. Ashcroft, Civ. A. No. 03-439, 2003 WL 21088092, *1 (E.D. La. May 8, 2003) ("a district court of improper venue lacks jurisdiction over the § 2241 petition and thus does not have the authority to transfer the petition to the proper district"); with Thornton v. United States Parole Comm'n, Civ. A. No. 04-5154, 2005 WL 272973, *3 (E.D. Pa. Feb. 2, 2005) (transferring case pursuant to 28 U.S.C. § 1406(a) where proper respondent was located within the Commonwealth of Pennsylvania); Tejada v. Reno, Civ. A. No. 00-6338, 2000 WL 1280969, *2 (S.D.N.Y. Sept. 11, 2000) (court has broad discretion under § 1406(a) to transfer § 2241 cases filed in the wrong district). Generally, courts have opted to dismiss without prejudice rather than transfer. See, e.g., Padilla, 542 U.S. at 451; United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004).

In the case at bar, dismissal would not subject petitioner to any "justice-defeating technicalities." In light of the defects in the petition before us, the Court opts to dismiss without prejudice so that petitioner may re-file in the appropriate district.