IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BROWN, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   **CIVIL ACTION** |
| v. | )   **NO. 06-CV-3255** |
| | ) |
| D. SCOTT DODRILL, et al., | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

**AND NOW**, this 27th day of December 2006, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of Chief United States Magistrate Judge Charles B. Smith, it is hereby

**ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**,[1] and it is further

**ORDERED** that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §

---

[1] Chief Magistrate Judge Smith's articulate and well reasoned Report and Recommendation appropriately concludes that this Court lacks jurisdiction over the instant habeas petition. The Supreme Court in Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004), held that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Petitioner is incarcerated in Beaumont, Texas, which falls within the jurisdiction of the United States District Court for the Eastern District of Texas. Accordingly, Petitioner's Petition is dismissed without prejudice to file a new action in the Eastern District of Texas.

Moreover, the Court concurs with the Report and Recommendation in that Petitioner's habeas petition suffers from substantive defects. Because the Petitioner is challenging his current place of custody and seeks protection from inmates and harassment from staff, the proper action for this type of claim is generally to file a civil rights action under 42 U.S.C. § 1983. Preiser v. Rodriquez, 411 U.S. 475, 499 (1973).

The Court notes that while Petitioner failed to file formal objections to the Report and Recommendation, the Court did receive two letters from Petitioner on December 8, 2006, and December 11, 2006, and a transcription of certain notes under 28 U.S.C. § 2241 [Document No. 10]. The only pertinent objection set forth in either the letters or the § 2241 notes is that because Petitioner "only [has] four months left," he doesn't know whether he has sufficient time to file his petition in the Eastern District of Texas and requests that the case be heard in the Eastern District of Pennsylvania due to its urgency. Absent Petitioner overcoming the jurisdictional requirements, however, the Court cannot entertain Petitioner's request to hear his case in the Eastern District of Pennsylvania. Accordingly, the Court must dismiss without prejudice Petitioner's Petition for Writ of Habeas Corpus.

2241, is **DISMISSED WITHOUT PREJUDICE** to file a new action in the United States District Court for the Eastern District of Texas.

There is no probable cause to issue a certificate of appealability.

The Clerk of Court is hereby **ORDERED** to mark this case **CLOSED**.

It is so **ORDERED**.

BY THE COURT:

**/s/ Cynthia M. Rufe**
**Cynthia M. Rufe, J.**